HOLZBAUER and another, Respondents, vs. RITTER and others, Appellants.

*April 11—May 6, 1924.*

*Injunction: To restrain violation of zoning ordinance: Erection of community store: Who may maintain action: Amendment of ordinance: Protest by property owners: Failure of city clerk to present to council.*

1. A municipality may not seek equitable relief to enforce its own ordinances, as it has a perfectly adequate remedy at law by bringing actions to enforce the penalties prescribed.  p. 39.

2. Where the erection of a store building in violation of a city zoning ordinance might cause special damage to the property of plaintiffs not suffered by the general public, plaintiffs could sue to enjoin such erection in order to prevent irreparable injury to their property.  p. 39.

3. The zoning ordinance of the city of Milwaukee provided that in case of amendment, supplement, or change in the regulations prescribed for any district, upon protest of a designated number of property owners the amendment should not be passed by the council except by a three-fourths vote.  A proper protest was filed to a proposed amendment which would include residential property in the business district, but the city clerk did not present it to the council, which passed the amendment. *Held,* that if the council knew of the protest it might have declined to pass the amendment, and the amending ordinance was therefore not legally enacted.  p. 40.

4. The erection of a community store, consisting of an ordinary store building for commercial purposes in a residential district, may be enjoined as in violation of a zoning ordinance.  p. 41.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge.  *Affirmed.*

For the appellants *Ritter* and *Loughlin* there was a brief by *Thomas F. Hayden,* attorney, and *Clifton Williams,* of counsel, both of Milwaukee, and oral argument by *Mr. Hayden.*

For the appellants *Harper* and *City of Milwaukee* there was a brief by *John M. Niven,* city attorney, and *Chas. W. Babcock* and *Jos. L. Bednarek,* assistant city attorneys, and oral argument by *Mr. Bednarek.*

For the respondents there was a brief by *Gilbert J. Davelaar,* attorney, and *W. O. Meilahn* and *J. G. Konop,* of counsel, all of Milwaukee, and oral argument by *Mr. Meilahn* and *Mr. Davelaar.*

JONES, J.    This is an appeal from a temporary order enjoining the city of *Milwaukee* and its agents from granting a permit for building operations to the other defendants in a district set apart for residence purposes by a zoning ordinance of the city, and to enjoin the defendants *Ritter* and *Loughlin* from erecting a store building therein.

We shall only summarize the complaint, which alleges that the plaintiffs are electors, residents, and taxpayers of the city and that the action is brought in their behalf and in behalf of other persons similarly situated; that defendant *Loughlin,* being the owner of certain premises, under an agreement with the defendant *Ritter* was about to erect for nonresidential purposes a store building within the district which had been set apart under the ordinance as a residential district; and that the zoning ordinance had been regularly passed.

It was also alleged that the residence district created by the zoning ordinance was in character essentially residential; that plaintiffs and others, relying on the ordinance, had made large investments in constructing and beautifying their homes; that on or about July 9th a pretended ordinance was passed which purported to include in the business district the property owned by plaintiffs; that pursuant to the zoning ordinance protests were duly made by the plaintiffs and others largely in excess of the number required by the zoning ordinance against the passage of such amendment; that these protests were duly executed and filed in due time with the city clerk but that he failed and refused to deliver the same to the common council and its committee on streets and alleys, so that the pretended ordinance was passed by the common council without the protests being heard as contem-

plated by the zoning ordinance; that this was a violation of the zoning ordinance and the law and in fraud of the rights of plaintiff and others; that *Loughlin* and *Ritter* were threatening to erect a store building under said pretended ordinance and a pretended permit and that the city and its officers threatened to issue other similar permits, on account of which plaintiffs would suffer irreparable damage; and that they had no adequate remedy at law; that plaintiffs' real estate is in close proximity to that of defendant *Loughlin;* that immediately after the passage of the pretended ordinance plaintiffs remonstrated to the city of *Milwaukee* and the common council, objecting to the manner in which the pretended ordinance was passed and to the issuance of said permit, and that the common council then repealed the pretended ordinance.   There are allegations stating the duties of the defendant *Harper,* the building inspector; that although the defendant *Ritter* was promptly advised that the pretended ordinance would be repealed, he threatened and continues to threaten the erection of said building, and that he wrongfully influenced city officials to withhold from the common council and the proper committee said written protests.

The zoning ordinance contains provisions to the effect that the common council may change the boundaries of districts, and proceeds as follows:

"Whenever the owners of fifty per cent. or more of the frontage in any district or part thereof present a petition duly signed and acknowledged to the council requesting an amendment, supplement, or change in the regulations prescribed for such district or part thereof, it shall be the duty of the council to vote upon said petition within ninety days after the filing of the same by the petitioners with the city clerk.   In case a protest against a proposed amendment, supplement, or change be presented, duly signed and acknowledged by the owners of twenty per cent. or more of any frontage proposed to be altered, or by the owners of twenty per cent. of the frontage immediately in the rear

thereof, or by the owners of twenty per cent. of the frontage directly opposite the frontage proposed to be altered, such amendment shall not be passed except by a three-fourths vote of the council."

Plaintiffs prayed for both a temporary and permanent injunction restraining the issue of further permits of the same character and restraining defendants *Ritter* and *Loughlin* from erecting buildings not contemplated by the zoning ordinance, and for judgment declaring void the pretended ordinance and permit.

It is an important contention of defendants that injunction is not the proper remedy; that if the amendment of July 9th is void, the remedy was an arrest and prosecution under the zoning ordinance as it stood prior to the amendment. For this proposition they rely on two Wisconsin cases: *Waupun v. Moore*, 34 Wis. 450, and *Janesville v. Carpenter*, 77 Wis. 288, 46 N. W. 128.

In the first of these cases an ordinance of the village prohibited the erection of wooden buildings within certain specified limits and imposed a penalty for its violation. It was held that although courts of equity may in proper cases restrain the erection or maintenance of nuisances, the defendant was not about to erect a nuisance, and that equity will not lend its aid to enforce by injunction the by-laws or ordinances of a municipal corporation, unless the act is shown to be a nuisance *per se*.

In the second case an action was brought by the city of Janesville and another to restrain the erection of a building adjoining a bridge over the Rock river. It was charged that the building would be a violation of a city ordinance, and it was held that this would not give a cause of action for injunction in favor of the city, following the other case above cited, and relief was denied as to the other plaintiff on the ground that it was not shown that he would suffer any injury.

It was not decided that a property owner suffering special injury might not have relief if it appeared that the erection of the building in violation of an ordinance would cause special injury to his property.

We do not think that these decisions go farther than to hold that a municipal corporation may not seek equitable relief to enforce its own ordinances. They have a perfectly adequate remedy at law by bringing actions to enforce the penalties prescribed.

Does it necessarily follow that a property owner who will suffer irreparable injury by the violation of an ordinance cannot have equitable relief? This question has frequently arisen in other states and by the weight of authority it is held that he might have such relief. There may be situations in which very great injury would be produced and where it would be no practical remedy if actions for penalties were brought by the proper authorities, and other situations where the injured party would seek in vain to have such action instituted.

On the facts alleged in this complaint it is plain that if the defendants *Loughlin* and *Ritter* are allowed to proceed in the erection of the store building it might cause special damage to the plaintiffs. Under such circumstances a plaintiff's cause of action does not depend on any right to enforce an ordinance of the city, but on his right to prevent irreparable injury to his property when the injury threatened is special and different from that of the general public.

Similar questions have frequently arisen in other states, and it has generally been held that property rights may be protected by injunction when, in violation of ordinances, those rights are threatened to be invaded, and that it is not necessary in such cases to show that the act violating the ordinance is a nuisance *per se*. *Griswold v. Brega,* 160 Ill. 490, 43 N. E. 864; *First Nat. Bank v. Sarlls,* 129 Ind. 201, 28 N. E. 434; *Kaufman v. Stein,* 138 Ind. 49, 37 N. E. 333;

*Caskey v. Edwards,* 128 Mo. App. 237, 107 S. W. 37;
*Houlton v. Titcomb,* 102 Me. 272, 66 Atl. 733; *Bangs v.
Dworak,* 75 Neb. 714, 106 N. W. 780.

It is the next assignment of error that the court erred in
not holding the amendment of July 9th a valid amendment.
This was passed before the building permit was issued, and
if valid would authorize the erection of the building in ques-
tion.    The ordinance from which we have quoted makes
provision for amendments and clearly contemplates that
such protests as were made in this case be presented to the
common council for their consideration.

The protestants complied with the ordinance by filing
their protest with the city clerk, and it was his plain duty
to lay it before the city council.    It is argued that it does not
appear from the complaint that the amendment was not
passed by a three-fourths vote.    We do not regard this as
material for the reason that if the common council had
known the facts they might have given proper consideration
to the protest and might have declined to pass the amend-
ment.    That they would have so decided seems quite prob-
able from the fact that as soon as they learned the real situa-
tion they repealed the amendment.

It is argued by defendants' counsel that by the enactment
of the zoning ordinance the common council could not bind
future councils on questions of procedure.    But counsel for
plaintiffs do not rely on this ordinance alone.    Sub. (5) (c),
sec. 62.23, Stats. 1921, makes provision for the three-
fourths vote, in case protests are made, in almost the identi-
cal language of the ordinance.    After property owners have
made valuable improvements relying on provisions in a
zoning ordinance, it is manifest that amendments making
changes should be made after careful consideration and
only in compliance with the law.

On the hearing of the motion to dissolve the temporary
injunction the defendant *Ritter* filed an affidavit stating,
among other things, that after the issuing of the permit he

and the other parties entered into a contract in good faith for the erection of the building and had made the excavation for the same before the repealing ordinance was enacted. This must be considered, however, in connection with the averments of the complaint showing notice of the invalidity of the amending ordinance.

On the record made we concur in the view of the trial court that the amending ordinance was not legally enacted and did not authorize the permit relied on by defendants.

In the briefs of appellants' counsel it is argued that community stores may be constructed in residential districts in such a manner that they would not be inconsistent with the purpose of the zoning ordinance, and if the ordinance is to be so construed as to entirely exclude them it creates an improper classification and is unconstitutional and void.

We think we must assume from the record and for the purposes of this decision that the building in question would be an ordinary store building constructed for commercial purposes at a location which under the zoning ordinance is within a residential district. In a recent and important decision of this court, in an opinion by Mr. Justice OWEN, the constitutionality of the zoning ordinance in question was upheld and a liberal construction was given to the power of the legislature to authorize zoning ordinances. *State ex rel. Carter v. Harper,* 182 Wis. 148, 196 N. W. 451. On the present record, in view of that decision, we do not consider that the objection of defendants can be sustained.

*By the Court.*—The order of the circuit court is affirmed.