**CANTON (City), Plaintiff, v. FEDCO, INC., Defendant.**

Common Pleas, Stark County.

No. 85710. Decided July 17, 1945.

Paul G. Weber, City Solicitor, Canton, and Wilbur L. Weaver, Asst. City Solicitor, Canton, for plaintiff.

Black, McCuskey, Souers & Arbaugh, Canton, and Albert B. Arbaugh of counsel, Canton, for defendant.

**OPINION**

By BARTHELMEH, J.

The City of Canton filed its petition herein, seeking equitable relief and endeavors to secure an injunction against the defendant company to enjoin it from what the plaintiff contends is a violation of the city zoning ordinance.

To this petition, the defendant files a demurrer relying upon two grounds:

(1) The plaintiff has no legal capacity to sue.

(2) The petition does not state facts which show a cause of action in favor of the plaintiff against the defendant.

Briefly, the petition recites the facts as to the enactment of the ordinance by the council of the city of Canton, and further sets out and sets forth certain particular provisions of the ordinance claimed to apply to the situation involved. The petition likewise contains a rather general allegation that the building involved has been used for other purposes, namely, that of storage purposes, which is a non-conforming use. Then follows a recital of Article 4, Section 22, of the ordinance, relating to non-conforming uses. Immediately preceding the prayer, appears the complaint, all of which is contained in a single paragraph which recites that "Plaintiff further says that the defendant is in possession of said premises and is using said premises as a machine shop and business enterprise, which said use is prohibited by said ordinance and in violation thereof, and will continue to do so, all with the knowledge and consent of said defendant, unless restrained by this Court". To the petition has been attached a copy of the entire ordinance, marked Exhibit "A" and made a part of the pleading. Being made a part of the pleading, the ordinance in its entirety must be considered in the determination of the demurrer.

Section 48 of Artice 12, entited "Violation and Penalty" provides:

"Any person, firm or coroporation, who violates the provisions of this ordinance, shall upon conviction, be fined not more than $500.00. Each day during which said violation shall continue, shall constitute a separate offense".

It is considered that the important proposition raised by

622

the demurrer is whether or not the petition states a cause of action, and to arrive at the proper conclusion, the further question is presented whether or not the City of Canton is authorized to invoke the equity jurisdiction of this Court to enforce the ordinance as it is passed, having in mind that such ordinance contains a provision for its enforcement by way of penalty in the event of a violation and that such penalty is limited entirely to fines, thus making the ordinance penal in nature.

The general rule applying to the instant proposition, and we find no exceptions to the rule existing is stated in **21 O Jur. Sec 118, page 1182,** under the title of "Commission of Criminal Acts":

."The rule is well settled in Ohio, in accord with the general rule elsewhere that in the absence of any threatened injury to property rights, a Court of equity will not interfere by injunction to restrain or prevent the commission of criminal acts or the violation of the penal laws of the State, merely upon the grounds of the illegality of the threatened act. As is often said injunction is not the proper remedy to enforce the penal laws of the State. The rule is enforced whether the injunction is sought by a private party or by the State or one of its political sub-divisions. Criminal acts are to be guarded against by other forms of procedure, that is by prosecution for the enforcement of the penalties and punishment prescribed by the statute. Where a method for the arrest, restraint and punishment of parties who commit or threaten to commit acts of violence towards the person or property of another is provided, there is no propriety in a Court of equity stepping in and claiming superior fitness for the discharge of duties which have been specifically intrusted to another tribunal by the legislature. **The rule that equity will not interfere by injunction to prevent a criminal act is applicable when there is a threatened violation of a municipal regulation. Such regulations are to be enforced by the municipality by appropriate penalties prescribed.** The mere fact that the officers whose duty it is to enforce the penal laws fail or refuse to act, does not require an injunction to issue against a criminal act."

There apears no allegation in the petition that there is any threatened injury to the property rights of any person in the vicinity of the building in which the operations of the defendant company are carried on. It is likewise observed from

the general rule, as above stated, that the same applies to any threatened violation of a municipal regulation and that such regulation must be enforced by the municipality itself by such appropriate penalties as the municipality by its city council has prescribed.

The Solicitor relies entirely upon the case of **Pritz v Messer**, et al., 112 Oh St, 628, and cites syl 3:

"A property owner residing in a Municipality in which a valid zoning ordinance is in full force and effect has legal capacity to apply for an injunction against the erection of an apartment building upon a lot contiguous to her real property, upon the ground that the proposed structure will violate the zoning ordinance."

However, we must look to the reasoning of the Court for this statement, as contained in the opinion by Allen, J., and there it is disclosed that the basis for this statement is in the concurrence of our Supreme Court with the conclusions of the Supreme Court of the State of Wisconsin in Holzbauer, et al. v Ritter, et al., 184 Wis., 35, 198 N. W., 852. What the Supreme Court of the State of Ohio did was to approve and adopt the first paragraph of the syllabus of the Supreme Court of Wisconsin, which states:

"Where the erection of a store building in violation of a city zoning ordinance might cause special damage to the property of plaintiffs not suffered by the general public, plaintiffs could sue to enjoin such erection in order to prevent irreparable injury to their property."

The fault, as we see it, with the Solicitor's contention is that this action is not brought by a property owner, who claims the probability of special damage being caused by the use of the property for machine shop purposes. The opinion does not hold that the municipality is authorized to seek injunctive relief, even in the instance of special damage. The second paragraph of the opinion does state that:

"The benefit to be derived from the observance of this zoning ordinance accrues, not only to the municipality, but to the abutting property owner."

This sentence refers to the benefits and the paragraph follows by holding that the property owner has capacity to commence the action.

In a later case, **State, ex rel. v Jockey Club, 1$^{14}$ Oh St**, in the opinion by Marshall, C. J. at p 189, the rule is again stated that:

"It is well settled that Courts of chancery will not employ the extraordinary right of injunction to prevent the commission of crimes and misdemeanors . . . ."

This same paragraph holds that it is within the power of the legislative body to prescribe and authorize the employment of injunction in the enforcement of the ordinance. However, the city council, in its wisdom, has failed to make such provisions.

For other statements of the general rule, see 6 McQuillan on Municipal Corporations, Second Edition, page 736, paragraph 2669; likewise, page 106, paragraph 852; Monclair v Kip, 110 N. J. Eq. 506, paragraphs 1 and 4 of the syllabus; Roberts v Paintsville, 199 Kentucky, 247, syllabi 2, 3 and 4; Holzbauer v Ritter, 184 Wis. page 35, paragraph 1 of the syllabus; Point of Woods' Association v Busher, 117 Conn. 247; 28 Am. Jurisprudence, page 343, Sec. 152.

As has been previously pointed out, the legislative body of the City of Canton is empowered to prescribe the method of enforcement of its own ordinance. To enforce the zoning ordinance they have prescribed a penalty by fine. This makes the ordinance penal in nature. This being the only method of enforcement prescribed by the ordinance, it is the only method left to the city to enforce it. The agencies of the city of Canton are sufficiently adequate and criminal proceedings can be instituted in the Municipal Court of the city by filing of an affidavit and the issuance of a warrant. We have no reason to speculate why the Solicitor has not followed the provisions of the ordinance nor followed the enactments of the city council as to the manner in which the ordinance shall be enforced. However, it might be said that it is not within the province of the City Solicitor to decide that a method shall be attempted other than that provided by the ordinance.

The City of Canton, through its Solicitor, made a similar attempt to enforce the zoning ordinance by seeking injunctive relief in cause No. 78391, styled City of Canton v Oscar Lanzi, et al., The petition was filed in that case July 1, 1938, and Floyd, J., of this Court, held that the petition did not state a cause of action, and dismissed the cause on the motion of the

defendants. The reasons for dismissing that cause were the same as stated herein. There is no logical reason why this Court should now overrule itself. No appeal having been taken from that decision, the same stands unreversed.

For the reasons stated and the conclusions reached herein, the demurrer of the defendant to the petition of the plaintiff is sustained at the costs of the City of Canton, and the City of Canton may have its exceptions.