JELINSKI and wife, Respondents, v. EGGERS, Appellant.

*January 31—February 28, 1967.*

---

[11] *Wiegand v. Gissal* (1965), 28 Wis. (2d) 488, 492, 137 N. W. (2d) 412, 138 N. W. (2d) 740; *Stuesser v. Ebel* (1963), 19 Wis. (2d) 591, 593, 120 N. W. (2d) 679.

86

88

90

For the appellant there was a brief by *St. Peter & Hauer*, attorneys, and *John William Calhoun* of counsel, all of Fond du Lac, and oral argument by *Mr. Calhoun*.

For the respondents there was a brief by *McLeod & Donohue* of Fond du Lac, and oral argument by *Joseph D. Donohue*.

BEILFUSS, J. The issues are as follows:

1. Have the plaintiffs sustained special damages by reason of the defendant's violation of the zoning ordinance entitling them to relief under sec. 62.23 (8), Stats.?

2. May the plaintiffs bring an action under sec. 62.23 (8), Stats., even though all administrative remedies may not have been exhausted by the plaintiffs or the town?

3. Does the defendant's construction in compliance with a building permit preclude the plaintiffs' action to enforce the zoning ordinance?

4. Does the town zoning ordinance deny the defendant equal protection of the laws because it allows the preservation of prior existing nonconforming uses?

Sec. 62.23 (8), Stats., provides that ". . . any adjacent or neighboring property owner who would be specially damaged by such [zoning ordinance] violation, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement or any other appropri-

ate action or proceeding to prevent or enjoin or abate or remove such unlawful erection, construction or reconstruction."

At the trial the plaintiffs, Mr. and Mrs. Jelinski, testified that their house was 10 feet from the property line and that defendant Eggers' garage was built two feet from the property line in violation of the setback requirement of the zoning ordinance, that it cut off their air and light and partially blocked their view of the land and to the south, increased the possibility of a fire hazard, and depreciated the value of their property. The trial court found that the defendant's garage denied the plaintiffs the full use of light and air and blocked their view to the south.

The defendant contends that the evidence is not sufficient to show special damage so as to entitle plaintiffs to relief under sec. 62.23 (8), Stats.

This court has recognized the right of a landowner "to prevent irreparable injury to his property when the injury threatened is special and different from that of the general public." [1] Such property right can be protected by injunction when threatened by violation of a zoning ordinance and it is not necessary for the party seeking relief to show that the action violating the ordinance is a nuisance *per se*. [2]

In *Ramaker v. Cities Service Oil Co.* (1965), 27 Wis. (2d) 143, 152–154, 133 N. W. (2d) 789, we held that neighbors whose enjoyment of their property was decreased by the noise and traffic caused by the defendant's use of its property in violation of a zoning ordinance were specially damaged within the meaning of sec. 62.23 (7) (f) 2, Stats. The language of sec. 62.23 (7) (f) 2 pertinent to "specially damaged" question is identical to that in sec. 62.23 (8). In *Ramaker* it is stated, at page

[1] *Holzbauer v. Ritter* (1924), 184 Wis. 35, 39, 198 N. W. 852.
[2] *Ibid.*

152: "There are also esthetic considerations which are very important to respondents in the enjoyment of their homes."

We conclude that the finding that the plaintiffs were denied the full use of the light and air and view from their home is amply supported by the evidence and that they have been specially damaged, as distinguished from general or public damage, so as to entitle them to relief under sec. 62.23 (8), Stats.

The defendant contends that the plaintiffs have not exhausted their administrative remedies in that they have not sought enforcement of the ordinance through the town board or by appeal to the board of appeals provided for in the ordinance.

This matter did come before the board of appeals upon the application of the defendant. The board did not grant a variance of the ordinance insofar as the five-foot setback is concerned, although it did grant a variance as to the 12-foot height requirement. It can hardly be said that the plaintiffs were "aggrieved" by the action of the board so as to require them to seek certiorari review. If anyone, it was the defendant who failed to pursue his administrative remedies.

In any event, by the terms of the statute itself, the plaintiffs were not required to pursue administrative remedies through the board of appeals. Sec. 62.23 (8), Stats., provides: ". . . in addition to other remedies provided by law [adjacent or neighboring property owners may] institute injunction, mandamus, abatement or any other appropriate action . . . ."

In *Diehl v. Dunn* (1961), 13 Wis. (2d) 280, 284, 108 N. W. (2d) 519, we stated:

"The defendants contend that the plaintiffs as aggrieved parties should have been required to take the matter before the board of appeals provided for in the zoning ordinance before seeking the trial court's aid. This contention bears no merit. The statute recognizes

the right of a private citizen who would be specially damaged to apply to the court directly under sec. 62.23 (8), Stats. 1955, *supra.*"

The defendant also argues that the doctrine of estoppel should be invoked to prohibit compliance with the ordinance because of the issuance of the building permit, his reliance on it, the expenditure of funds in construction of the garage, and cost of removal. He, in effect, claims that he is an innocent party, obtained the building permit in good faith and now has a vested right to insist upon the validity of the permit.

Aside from the fact that the trial court found that the defendant Eggers knew of the provisions of the ordinance and did not act in good faith in obtaining the building permit, this court has held a building permit grants no vested rights to unlawful use. *Wauwatosa v. Strudell* (1959), 6 Wis. (2d) 450, 95 N. W. (2d) 257; *State ex rel. Cities Service Oil Co. v. Board of Appeals* (1963), 21 Wis. (2d) 516, 530, 124 N. W. (2d) 809; *Ramaker v. Cities Service Oil Co., supra,* at page 149; *Milwaukee v. Leavitt* (1966), 31 Wis. (2d) 72, 142 N. W. (2d) 169. In the *Leavitt Case* we stated, at pages 78, 79:

"Zoning ordinances are enacted for the benefit and welfare of the citizens of a municipality. Issuance of an occupancy or building permit which violates such an ordinance not only is illegal *per se,* but is injurious to the interests of property owners and residents of the neighborhood adversely affected by the violation. Thus when the city acts to revoke such an illegal permit it is exercising its police power to enforce the zoning ordinance for the protection of all citizens who are being injured by the violation, and not to protect some proprietary interest of the city. These citizens have a right to rely upon city officials not having acted in violation of the ordinance, and, when such officials do so act, their acts should not afford a basis for estopping the city from later enforcing the ordinance. This is true regardless of whether or not the holder of the illegal permit has incurred expenditures in reliance thereon."

Certainly estoppel should not apply to an adjacent property owner seeking enforcement of the ordinance who was in no way responsible for the issuance of the building permit.

The defendant complains that he will be denied equal protection of the laws if he is made to conform with the zoning ordinance because 23 of the 28 developed lots in Linden Beach have buildings nearer than five feet to lot lines. This argument must fail because all the other lots involve prior existing nonconforming uses. The defendant's garage was constructed after the effective date of the ordinance. There is no denial of equal protection if all future building is required to conform to the requirements of the zoning ordinance. The ordinance is entitled to every presumption in favor of its validity as a proper exercise of police power until facts to the contrary are proved beyond a reasonable doubt. The evidence here in no way meets this burden. See *State ex rel. Carter v. Harper* (1923), 182 Wis. 148, 196 N. W. 451; *Highway 100 Auto Wreckers v. West Allis* (1959), 6 Wis. (2d) 637, 96 N. W. (2d) 85, 97 N. W. (2d) 423; and *Milwaukee v. Hoffmann* (1965), 29 Wis. (2d) 193, 138 N. W. (2d) 223. If the defendant's argument was accepted very few zoning ordinances could be valid during their initial years of operation.

*By the Court.*—Judgment affirmed and remanded to the trial court to fix a reasonable time to comply with the judgment.