Prema ACHARYA, Petitioner-Appellant,

P.V.N. ACHARYA, Petitioner,

v.

AFSCME, COUNCIL 24, WSEU, AFL-CIO, LOCAL
NO. 1, Respondent.†

Court of Appeals

*No. 87–2344. Submitted on briefs August 2, 1988.—Decided
September 29, 1988.*

(Also reported in 432 N.W.2d 140.)

† Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of Prema Acharya, *pro se.*

For the respondent the cause was submitted on the brief of *Richard V. Graylow* and *Lawton & Cates, S.C.,* of Madison.

Before Dykman, Eich and Sundby, JJ.

EICH, J.   Prema Acharya appeals from an order dismissing her complaint against the American Federation of State, County and Municipal Employees (AFSCME), Council 24, Wisconsin State Employees Union, AFL-CIO, Local No. 1, and from an order denying her motion for reconsideration. The sole issue is whether the trial court erred when it dismissed Acharya's complaint on grounds that the matters complained of were litigated in proceedings before the Wisconsin Employment Relations Commission. We see no error and affirm.

The facts are not in dispute. Acharya was an employee of the Wisconsin Department of Health and Social Services and a member of the Wisconsin State Employees Union. In April, 1984, she sued the union, claiming, in essence, that it had breached its duty to fairly represent her by failing to timely process her grievance over a job layoff. After all pleadings had been filed, the trial court ordered that the matter be referred to the Wisconsin Employment Relations Commission (WERC).

In her complaint before the commission, Acharya claimed that the union had violated sec. 111.84(2)(a), Stats.,[1] and breached its duty of fair representation when it failed to timely file a layoff grievance in her behalf. She also claimed that the union breached the terms of the collective bargaining agreement in violation of sec. 111.84(2)(d).[2] The commission concluded that the union did not violate sec. 111.84(2)(a) and did not breach its duty of fair representation because it was not guilty of bad faith or arbitrary or discriminatory action in the manner in which it processed her grievance. The commission also determined that there was no violation of the collective bargaining agreement.

Acharya sought judicial review of the commission's order, challenging only that portion of the order determining that the union did not breach the terms of the collective bargaining agreement. The court affirmed the order, holding that the commission's

[1]Section 111.84(2)(a), Stats., prohibits a union from "coerc[ing] or intimidat[ing] an employee in the enjoyment of his [or her] legal rights ...."

[2]Section 111.84(2)(d), Stats., prohibits a union from "violat[ing] the provisions of any written [collective bargaining] agreement ...."

findings were supported by credible evidence and that the legal issues were correctly decided. Acharya did not appeal the circuit court's decision.

Acharya then attempted to revive her original lawsuit against the union. The union filed a motion to dismiss the action for failure to state a claim and, in the alternative, for summary judgment on grounds that all of Acharya's claims had been litigated in the WERC proceedings. The trial court rejected Acharya's argument that her complaint stated a cause of action for "common law negligence" which must be tried in court, and dismissed the complaint.

Acharya repeats the argument here, contending that her complaint states a claim for "common law negligence" which administrative agencies like the WERC are powerless to try, and which must, of right, be heard in the courts in order to provide an adequate remedy for the wrongs she maintains the union has wrought upon her. The union contends that the complaint does not state any claim for relief because all matters alleged were heard and determined by the WERC.

■

"Estoppel by record" is a rule which prevents a party from relitigating what was actually litigated—or which might have been litigated—in a former proceeding. *Leimert v. McCann,* 79 Wis. 2d 289, 293, 255 N.W.2d 526, 528 (1977). It is closely related to res judicata, except that it is the former record, rather than the judgment itself, that bars the second proceeding. And under both rules, before the former proceeding will bar the second, there must be both an identity of parties—which we have here—and "an identity between the causes of action or the issues sued on . . . ." *Id.* at 294, 255 N.W.2d at 529. Nor is the rule

restricted to cases where the prior adjudication was by a court, as opposed to an administrative agency: "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata [or collateral estoppel] ...." *United States v. Utah Constr. & Min. Co.,* 384 U.S. 394, 422 (1966).

Acharya's complaint before the WERC proceeded on two grounds: (1) the union's "breach of [the collective bargaining agreement] for failure to abide by the ... time limits for processing ... Acharya's grievance"; and (2) the union's breach of the duty of fair representation by the manner in which it processed the grievance. As indicated, the commission resolved both issues against Acharya, and its decision was upheld in judicial review proceedings in circuit court.

Acharya's lawsuit against the union is based on the following allegations in her complaint:

> 13. That the defendant Union, although notified of ... Acharya's grievance on a timely basis ... failed and refused to process [her] grievance(s) on a timely basis.
>
> ....
>
> 20. That by virtue of the [Union's] failure to fairly represent ... Acharya, as was its legal obligation, [she] has lost her employment rights and ... wages ....
>
> 21. That [the Union's] conduct as described herein was intentional and malicious and was not in good faith.
>
> ....

23. That if the [Union] had properly and fairly represented ... Acharya in her employment relationship ... she would not have suffered unemployment and wage loss ....

We are satisfied that there is an identity of issues in the two proceedings. In both cases, Acharya alleged that the union breached its duty of fair representation. She argues, however, that her complaint also states a claim for "common law negligence," although she does not point to any specific allegation or allegations purportedly outlining that claim. The record indicates, however, that she based her argument in the trial court solely on paragraph 23 of the complaint. We have quoted that paragraph above and we are unable to read it, either by itself or together with other allegations of the complaint, as alleging anything other than a claim that the union breached its duty of fair representation in the manner in which it handled her layoff grievance. And that issue has been conclusively litigated before the WERC.

The union's duty to be fair in representing its members arises under the collective bargaining contract, *Cheese v. Afram Brothers Co.*, 32 Wis. 2d 320, 326, 145 N.W.2d 716, 720 (1966), and a breach occurs "only when a union's conduct toward a member ... is arbitrary, discriminatory, or in bad faith." *Mahnke v. WERC*, 66 Wis. 2d 524, 531, 225 N.W.2d 617, 622 (1975), quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Whether a union has breached its duty is a question of fact. *Coleman v. Outboard Marine Corp.*, 92 Wis. 2d 565, 575, 285 N.W.2d 631, 636 (1979). As indicated, the WERC found that the union did not act arbitrarily, discriminatorily or in bad faith in processing Acharya's grievance; and we are bound by that finding.

We note, too, that disputes between a union member and his or her union which arise out of that union/member relationship, and which relate to union or work-related activities, are within the primary jurisdiction of the WERC under ch. 111, Stats. Thus, even if paragraph 23, or some other paragraph of Acharya's complaint, could be read as stating a claim that the union was negligent in failing to timely file the grievance, the claim would still relate to the union's representational duties and thus not be actionable. Chapter 111 is a comprehensive regulatory enactment which has supplanted many previously existing common law remedies. *Wis. Bankers Ass'n v. Mut. Savings & Loan,* 96 Wis. 2d 438, 451, 291 N.W.2d 869, 876 (1980). That issue was the subject of the WERC proceedings in this case, and, as we have said, she is bound by the agency's determination.

■

Finally, Acharya contends that the circuit court's decision, and now our own, leaves her "remediless," in that her grievance has never been heard because it was not timely processed by the union. In so arguing, she refers to a statement in *Mahnke,* 66 Wis. 2d at 531, 225 N.W.2d at 621–22, that "it is inequitable to allow an employee's claim to go without a remedy ...." The quotation is not only taken out of context, it is incomplete. First, the *Mahnke* court was not making a statement of general application; it was simply explaining the rationale of a rule which allows a member to sue his or her union to enforce the terms of the collective bargaining agreement in situations where the union has "*wrongful[ly]* refus[ed] to process [a] grievance." *Id.* at 530, 225 N.W.2d at 621, quoting *Vaca,* 386 U.S. at 185 (emphasis in original). Second, the complete quotation is: "it is inequitable to allow .

an employee's claim to go without a remedy *because of the union's wrongful refusal to process his [or her] claim*"—that is, in cases where the union has breached its duty of fair representation. *Mahnke,* 66 Wis. 2d at 531, 225 N.W.2d at 621–22 (emphasis added). Here, the proceedings before the WERC established that the union's processing of Acharya's grievance was *not* wrongful, and that there was no breach of the duty of fair representation. As we have said, that determination is binding on Acharya and compels affirmance of the trial court's judgment and order.

As for being left "remediless," Article I, sec. 9 of the Wisconsin Constitution does provide every person "a certain remedy in the laws for all injuries, or wrongs which he [or she] may receive in his [or her] person, property, or character ...." These provisions, however, do not entitle litigants to the precise remedy they may desire, but merely to their day in court. *Metzger v. Department of Taxation,* 35 Wis. 2d 119, 129, 150 N.W.2d 431, 436 (1967). Acharya has had her opportunity to litigate the issues she advances in this action, and she is bound by their resolution in the proceedings before the WERC and on review to the circuit court.

*By the Court.*—Orders affirmed.