Platt BARBER and Charlotte Barber,
Plaintiffs-Respondents-Cross-Appellants,

v.

Mary WEBER and Ken Weber,
Defendants-Appellants-Cross-Respondents.

Court of Appeals

*No. 2005AP1196. Submitted on briefs February 17, 2006.
—Decided March 29, 2006.*

2006 WI App 88

(Also reported in 715 N.W.2d 683.)

On behalf of the defendants-appellants-cross-respondents, the cause was submitted on the briefs of *Timothy V. Langer* of *Langer & Petersen, LLC* of Hartland.

On behalf of the plaintiffs-respondents-cross-appellants, the cause was submitted on the briefs of *Alan Marcuvitz* and *Andrea H. Roschke* of Milwaukee.

Before Snyder, P.J., Brown and Nettesheim, JJ.

¶ 1. SNYDER, P.J.   Mary and Ken Weber appeal from an order granting summary judgment to Platt and Charlotte Barber. The Webers contend that the final decision of the Zoning Board of Appeals regarding the legality of their business use of certain property is determinative and cannot be "superceded" by the circuit court other than on certiorari review. The Webers also challenge the order on grounds of laches and estoppel. In essence, the Webers' primary argument recites the doctrine of claim preclusion, which stands for the proposition that "a final judgment on the merits in one action bars parties from relitigating any claim that arises out of the same relevant facts, transactions, or occurrences." *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 19, 279 Wis. 2d 520, 694 N.W.2d 879. We agree with the Webers that the Barbers are precluded from relitigating their claims in circuit court; therefore, we reverse the order granting summary judgment to the the Barbers.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2.   The Webers are co-owners of a family business known as Ken Weber Trucking Service, which provides towing as well as vehicle repair and maintenance services. They applied for permission to establish their business at N27 W26560 Prospect Avenue in Pewaukee. On September 18, 2003, the Pewaukee Plan Commission concluded that the Webers' proposed use was a permitted principal use of the property, which was zoned B-5 Highway Business District. The Commission also tacitly concluded that the proposed use did not require a conditional use permit.

¶ 3.   On October 16, 2003, the Barbers and others petitioned the Zoning Board of Appeals, seeking review of the Commission's decision. A hearing took place on

December 10. The Zoning Board issued its written decision on February 2, 2004, and held, "The approval of the Plan Commission for the commercial towing service is affirmed, and the appeal herein is dismissed." The Webers waited thirty days before applying for a building permit to move forward with their use of the property.[1] The Webers obtained their building permit in June 2004 and began razing part of the existing structure on the site and constructing a new addition.

¶ 4.  On September 2, 2004, the Barbers filed a complaint asking the circuit court to "determine, adjudge, and declare that [The Webers'] proposed use of the Property is unlawful," to "prevent, enjoin, restrain and abate" the Webers' use of the property, to award costs and fees, and to award such other relief as deemed appropriate. The Barbers alleged that the Webers' use of the property was not a permitted principal use and even if it were, that the Webers were still required to obtain a conditional use permit to operate their towing service at the site.

¶ 5.  The Barbers filed a motion for summary judgment. The circuit court held that the Barbers had the right to challenge the defendant's towing business under WIS. STAT. §§ 62.23(7)(f)2. and 62.23(8) without having to pursue certiorari review under § 62.23(7)(e)10., and that even though the towing business was a permitted principal use under PEWAUKEE, WIS., ZONING ORDINANCE § 17.0421(1)(a) and (8) (1996), it required a conditional use permit under PEWAUKEE, WIS., ZONING ORDINANCE § 17.0209c (1996) because of its proximity to the intersection of two arterial highways. Thus, the court con-

---

[1] The Barbers had thirty days to commence an action in circuit court seeking certiorari review of the Zoning Board of Appeals decision. *See* WIS. STAT. § 62.23(7)(e)10 (2003–04). All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

cluded that the towing operation was unlawful and must be abated and granted summary judgment to the Barbers. The Webers appeal.

## DISCUSSION

¶ 6. The Webers contend that the circuit court's order "disregards the fact that all matters at issue in this litigation were previously determined by the Zoning Board of Appeals." They argue that the determination of the Zoning Board could have been reviewed had the Barbers petitioned for certiorari within thirty days of the Zoning Board's order as required by WIS. STAT. § 62.23(7)(e)10. The Webers assert that the circuit court improperly interpreted the law and erred when it granted summary judgment in favor of the Barbers.

¶ 7. We review summary judgment de novo, applying the same method as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate when there is no material factual dispute and the moving party is entitled to judgment as a matter of law. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984). Summary judgment methodology is well established and need not be repeated here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751.

¶ 8. In the present case, no genuine issue of material fact exists. The only question we need resolve is whether the Barbers are precluded from bringing an action under WIS. STAT. §§ 62.23(7)(f)2. and 62.23(8)[2] to

---

[2] The relevant portions of WIS. STAT. §§ 62.23(7)(f)2. and 62.23(8) are substantially similar and provide "adjacent or

pursue claims that were previously resolved in a final determination of the Zoning Board. Though the Webers characterize the appellate issues as "deference" to the administrative order, exhaustion of remedies, laches, and estoppel, we deem the primary issue on appeal to be one of claim preclusion. The Webers mention claim preclusion in their appellate brief but once and raised the issue of res judicata before the circuit court. The imprecise terminology employed by the Webers does not dissuade us that the primary contention on appeal is one of claim preclusion. Application of the doctrine of claim preclusion is a question of law, which this court reviews de novo. *Kruckenberg*, 279 Wis. 2d 520, ¶ 17.

¶ 9. Claim preclusion provides that a "final judgment on the merits in one action bars parties from relitigating any claim that arises out of the same relevant facts, transactions, or occurrences." *Kruckenberg*, 279 Wis. 2d 520, ¶ 19. The doctrine has three elements: (1) identity between the parties or their privies in the prior and present suits, (2) prior litigation that resulted in a final judgment on the merits by a

neighboring" property owners with enforcement rights that are "in addition to other remedies." To the extent we discuss the Barbers' rights under § 62.23(8), the same analysis applies to their ability to proceed under § 62.23(7)(f)2. Section 62.23(8) states in relevant part:

> In case any building or structure is or is proposed to be erected, constructed or reconstructed, or any land is or is proposed to be . . . used in violation of this section or regulations adopted pursuant thereto . . . any adjacent or neighboring property owner who would be specially damaged by such violation, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement or any other appropriate action or proceeding to prevent or enjoin or abate or remove such unlawful erection, construction or reconstruction.

court with jurisdiction, and (3) identity of the causes of action in the two suits. *Id.*, ¶ 21.

¶ 10.　We can quickly address the first and third elements of claim preclusion. Neither party disputes that they were also parties to the Zoning Board proceeding and therefore there is identity between the parties. There is also identity between the causes of action. Presenting the same underlying facts as those considered by the Zoning Board, the Barbers pursue the same two claims in the circuit court; specifically, that the Webers' towing business is not a permitted principal use under the Pewaukee code and that, even if it was a permitted principal use, the business required a conditional use permit under the code. Where there is a "common nucleus of operative facts" there is identity of causes under Wisconsin's transactional approach to claim preclusion. *See id.*, ¶¶ 25–26.

¶ 11.　The remaining factor requires us to resolve whether an unreviewed agency determination is a "final judgment on the merits by a court with jurisdiction." *See id.*, ¶ 21. Under certain circumstances, Wisconsin recognizes unreviewed agency decisions as final judgments for purposes of claim preclusion. *See Lindas v. Cady*, 183 Wis. 2d 547, 552–54, 515 N.W.2d 458 (1994) (discussing issue preclusion). Discussing preclusive doctrines,[3] this court has explained that:

> [The rules are not] restricted to cases where the prior adjudication was by a court, as opposed to an adminis-

---

[3] In Wisconsin, the term "claim preclusion" has replaced "res judicata," and the term "issue preclusion" has replaced "collateral estoppel." *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 232 n.25, 601 N.W.2d 627 (1999).

trative agency: "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata [or collateral estoppel] . . . ."

*Acharya v. AFSCME, Council 24*, 146 Wis. 2d 693, 697, 432 N.W.2d 140 (Ct. App. 1988) (quoting *U.S. v. Utah Constr. and Mining Co.*, 384 U.S. 394, 422 (1966)). Thus, an unreviewed agency determination may have preclusive effect if the dispute was properly before the agency and the parties had an adequate opportunity to litigate. *Acharya*, 146 Wis. 2d at 697; *Lindas*, 183 Wis. 2d at 554.

¶ 12.  Here, the Zoning Board was acting in an adjudicatory capacity when it reviewed the Barbers' appeal from the Pewaukee Plan Commission's decision. Furthermore, it is not, nor can it be, disputed that the issue of zoning was properly before the Zoning Board.

¶ 13.  We must also determine whether the Barbers had "adequate opportunity to litigate" their claims before the Zoning Board. *See Acharya*, 146 Wis. 2d at 697. The record demonstrates that the Barbers did have such an opportunity. Both parties were represented by attorneys at the Zoning Board hearing, and both were permitted to submit briefs and present oral argument. The Zoning Board issued findings of fact, a decision and an order after considering the arguments of the parties and "the entire record." The Barbers had the opportunity for certiorari review in circuit court but elected not to petition for review. We conclude that the unreviewed agency order meets the criteria set forth by our supreme court in *Acharya*. Consequently, all elements required for claim preclusion have been met.

¶ 14. The Barbers counter that Wis. Stat. § 62.23(8) gives them the authority to pursue their claims regardless of the Zoning Board's final order and despite their decision not to seek certiorari review under § 62.23(7)(e)10. They emphasize that they are entitled to bring a direct cause of action that is "in addition to other remedies provided by law." *See* § 62.23(8); *see also Jelinski v. Eggers*, 34 Wis. 2d 85, 92, 148 N.W.2d 750 (1967).

¶ 15. We agree that the Barbers are not required to seek administrative remedies, or to exhaust administrative remedies, before seeking relief under Wis. Stat. § 62.23(8). *See Jelinski*, 34 Wis. 2d at 92. But that begs the claim preclusion issue presented by this case. The Barbers, like the parties in *Jelinski*, chose to forgo certiorari review of a board of appeals decision. *See id.* The *Jelinski* court held that § 62.23(8) relief was available to Jelinski despite the fact that neither Jelinski nor Eggers sought certiorari review of the board of appeals decision. *See Jelinski*, 34 Wis. 2d at 92. The Barbers implore us to do likewise.

¶ 16. We cannot draw the analogy that the Barbers desire because the facts and analysis in *Jelinski* are distinguishable. Jelinski filed suit under Wis. Stat. § 62.23(8) on September 10, 1962. *Jelinski*, 34 Wis. 2d at 88. The Jelinskis maintained that Eggers had violated the side yard set back ordinance by building within two feet of the property line, resulting in damages. *Id.* at 91. A month later, Eggers petitioned for a height variance and a side-yard variance, acknowledging that his partially constructed garage violated two zoning ordinances. *Id.* at 89. The board of appeals granted the height variance, but denied the side yard setback variance. *Id.* Thus, there was no dispute that a side yard setback zoning violation existed. The *Jelinski*

435

court considered and rejected Eggers' exhaustion of remedies argument, stating that Jelinski was not "aggrieved" by the board of appeals decision and that if anything, it was Eggers who failed to pursue administrative remedies. *Id.* at 92.

¶ 17. Two key differences distinguish *Jelinski* from the current case. First, unlike the Barbers, Jelinski did not seek administrative relief prior to filing a claim under Wis. Stat. § 62.23(8). Second, and relatedly, the *Jelinski* court's analysis focused on exhaustion of remedies. Here, the doctrine of claim preclusion, not exhaustion of remedies as explored in *Jelinski*, dictates whether the Barbers can relitigate their claims in circuit court.

■

¶ 18. Finally, the Barbers explain that their Wis. Stat. § 62.23(8) action is distinguishable from the administrative proceeding because it seeks "a remedy totally different than that provided by a certiorari review." Certiorari review under § 62.23(7)(e)10. provides that the circuit court may only "reverse or affirm, wholly or partly, or may modify, the decision brought up for review." The Barbers essentially filed under § 62.23(8) hoping for a new day in court. However, neither the Barbers' desire for a different remedy nor their resort to alternative legal theories is sufficient to insulate them from the impact of claim preclusion. *Kruckenberg*, 279 Wis. 2d 520, ¶ 25–26 (legal theories employed, remedies sought, and evidence used may vary between the first and second action, but claim preclusion may still apply). Wisconsin's approach to claim preclusion expects that "parties who are given the capacity to present their 'entire controversies' shall in fact do so." *Id.*, ¶ 27 (quoting the Restatement (Second) of Judgments § 24(2) cmt. a (1982)). The Barbers

cannot circumvent the doctrine of claim preclusion by electing to forgo certiorari review of the Zoning Board order and instead relitigating identical claims in circuit court under § 62.23(8). A final determination on the merits "orders parties' legal rights and duties with respect to the particular transaction or known set of facts that gave rise to the first suit." *Kruckenberg*, 279 Wis. 2d 520, ¶ 53.

¶ 19.   Because the issue of claim preclusion is dispositive, we need not address the Webers' laches or equitable estoppel arguments. When the resolution of one issue disposes of an appeal, we will not address additional issues. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938).

## CONCLUSION

¶ 20.   Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings." *Lindas*, 183 Wis. 2d at 558 (citation omitted). We conclude that summary judgment in favor of the Barbers was improperly granted. Under the facts of this case, the doctrine of claim preclusion prevents the Barbers from relitigating their claims in circuit court under Wis. Stat. §§ 62.23(7)(f)2. and 62.23(8).

*By the Court.*—Order reversed.