PER CURIAM.
¶ 1 James Van Handel and Barbara Bader (collectively "Van Handel") appeal an order dismissing their petition for a writ of certiorari to review the Town of Center's decision to grant a variance to Mark Pritzl. Van Handel argues the circuit court erred by determining: (1) he lacks standing to challenge the variance; (2) he failed to exhaust administrative remedies; and (3) the Town Board properly granted the variance. For the reasons discussed below, we conclude Van Handel lacks standing to challenge the variance. We therefore affirm the order.
BACKGROUND
¶ 2 In 2009, Pritzl purchased .84 acres of property zoned agricultural in the Town of Center. Pritzl concedes that at the time he purchased the property, he knew a town ordinance rendered it "unlawful for any person to construct a residential home in the Town of Center unless the lot area on which said home is to be constructed is at least one (1) acre in area." TOWN OF CENTER, WI, CODE § 12.01(2)(b) (2007). On September 20, 2016, Pritzl nevertheless applied for a permit to construct a single-family, two-story home on the property. Although the permit application was incomplete, as it did not include the square footage of the lot, the Town's building inspector issued the permit on the same day. Pritzl then began construction on the home.
¶ 3 On October 5, 2016, Pritzl received a message from the building inspector informing him the Town was "putting a stop" to construction of the home. Pritzl instructed his concrete contractor to cease work and attempted to make contact with the building inspector. When those attempts failed, Pritzl contacted the town chairman, Toby Paltzer, who agreed to meet Pritzl the following day. After viewing the property and the building plans, Paltzer informed Pritzl that he could proceed with construction if he included a provision in the property deed specifying that only this house, as presently planned, would be built and would never be expanded. Pritzl subsequently informed his concrete contractor that work could continue. Then, with the concrete "forms all set" and the concrete already there, Paltzer returned and directed Pritzl to cease construction. Because the contractor was on site and Pritzl was going to be charged regardless, Pritzl instructed the contractor to pour the concrete but otherwise ceased further construction.
¶ 4 On October 25, 2016, Pritzl received notice that the Town had revoked the building permit. Pritzl sought a variance pursuant to TOWN OF CENTER, WI, CODE § 12.01(3) (2007), which provides: "Where the Town Board finds that compliance with the provisions of this ordinance would result in undue hardship, an exemption may be granted by the Town Board without impairing the intent and purpose of this ordinance." After a due process hearing, the Town Board granted Pritzl a variance and, after additional evidence was heard, affirmed its initial decision to grant the variance based on undue hardship.
¶ 5 Van Handel, who owns adjacent property and testified in opposition to the variance before the Town Board, filed the underlying petition for a writ of certiorari to review the Town Board's decision to grant Pritzl a variance. The circuit court dismissed the petition. This appeal follows.
DISCUSSION
¶ 6 Whether a plaintiff has standing is a question of law that this court reviews de novo. Wisconsin Hosp. Ass'n v. Natural Res. Bd. , 156 Wis. 2d 688, 700, 457 N.W.2d 879 (Ct. App. 1990). As the circuit court recognized, judicial review of a final determination by a municipality is governed by WIS. STAT. ch. 68 (2015-16),[1] and is available to any person who has been aggrieved by a municipal determination. See WIS. STAT. § 68.08. Pursuant to that chapter, "[a] person aggrieved includes any individual ... whose rights, duties or privileges are adversely affected by a determination of a municipal authority." WIS. STAT. § 68.06. Although Van Handel argued the variance had an economic impact on him, the circuit court concluded he had failed to establish that he was "aggrieved" as that term is defined in the statute. The court noted there was no evidence to support Van Handel's economic impact claim and, therefore, the court refused to "assume injury based on speculation and conjecture alone."
¶ 7 On appeal, Van Handel contends the Town's decision to grant a variance adversely affected his rights, duties and privileges, as "[p]roperty owners have a direct interest in the actions of their neighbors to the extent it affects the value of their property and the enjoyment of their property." As the circuit court noted, however, Van Handel failed to prove any diminution in the value of his property as a result of the decision to grant Pritzl a variance. Therefore, his claimed loss of value is merely speculative. Van Handel cites the testimony of another neighbor, Shane Heinz, as evidence that Pritzl's planned home would affect the enjoyment of property owners such as Heinz, who moved "to the country" for "more space" that would not "turn into a subdivision." Complaints that Van Handel and other property owners do not want a house built on Pritzl's lot do not, on their own, establish an infringement on the "rights, duties or privileges" of adjacent property owners.
¶ 8 Citing Ramaker v. City Service Oil Co. , 27 Wis. 2d 143, 133 N.W.2d 789 (1965), Van Handel asserts that aesthetic considerations are important to the enjoyment of one's property and, thus, provide a basis to show one is aggrieved. In Ramaker , our supreme court affirmed an injunction against an oil company that was illegally using property zoned as a parking district to operate a car wash. Id. at 146. In determining whether the adjoining property owners were damaged by illegal use of the parking district, the circuit court found that night lighting and additional noise generated thereon decreased enjoyment of the adjoining properties. Id. at 152. Our supreme court acknowledged there are "esthetic considerations" important to the adjoining property owners who "now must look out upon the jumble of activity created by movement of cars and workmen over the parking district and steam cleaning at the south door of the auto laundry." Id. at 152-153. Here, Van Handel has failed to identify how the variance granted in this case will create any impingement on the enjoyment of Van Handel's property comparable to that suffered by adjoining landowners in Ramaker , such that his rights, duties or privileges are adversely affected.
¶ 9 Van Handel nevertheless claims that "the issuance of the building permit to Pritzl was per se illegal and therefore injurious to [him] as [a] neighbor[ ] whose land directly abuts [Pritzl's] property." Van Handel cites both Jelinski v. Eggers , 34 Wis. 2d 85, 148 N.W.2d 750 (1967), and City of Milwaukee v. Leavitt , 31 Wis. 2d 72, 142 N.W.2d 169 (1966), to support this contention. The cited cases, however, are distinguishable on their facts, as they involved the issuance of permits-a building permit in Jelinski and an occupancy permit in Leavitt -in violation of zoning ordinances and without a variance.[2] Jelinski , 34 Wis. 2d at 89, 93 ; Leavitt , 31 Wis. 2d at 75, 78. Here, a variance was granted by the Town Board within its authority under the ordinance, based upon its conclusion that failing to do so would cause Pritzl undue hardship. We therefore reject Van Handel's claim of injury based on per se illegality. Because Van Handel has failed to establish he is an aggrieved party as that term is defined in the relevant statute, the circuit court properly dismissed his petition for lack of standing.[3]
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

In Jelinski v. Eggers , 34 Wis. 2d 85, 87, 148 N.W.2d 750 (1967), the zoning ordinance at issue governed the height of accessory buildings and their distance from any lot line. The garage in that case exceeded the twelve-foot height limit and was built two feet from a neighboring lot line, in violation of the minimum five-foot side yard required by ordinance. Id. at 89. Although a height variance was granted, a request for a side yard variance was denied, requiring removal of the garage. Id.

Because we conclude Van Handel lacks standing to challenge the variance, we need not address his alternative arguments. See Jankee v. Clark Cty. , 2000 WI 64, ¶ 105, 235 Wis. 2d 700, 612 N.W.2d 297 (when resolution of one issue is dispositive, we need not reach other issues the parties raise).