In the MATTER OF the FORECLOSURE OF TAX LIENS, PURSUANT TO SECTION 75.521 Stats., by Juneau County List of Tax Liens for the Tax Liens for the Years 2001-2007, Proceeding in Rem 10-2, now known as case nos. 2010GF119 and 2010GF120: Juneau County v. Sebastian Madej:

JUNEAU COUNTY, Petitioner-Respondent,

v.

ASSOCIATED BANK, N.A., Respondent-Appellant,

DOLEZEL HOLDINGS, LLC, Respondent.

Court of Appeals

*No. 2012AP1304. Submitted on briefs December 26, 2012.
—Decided January 31, 2013.*

2013 WI App 29

(Also reported in 828 N.W.2d 262.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Mary Sue Anderson* of *Mallery & Zimmerman, S.C.*, Wausau.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *David E. Lasker*, corporation counsel of Juneau County, Mauston.

On behalf of the respondent, the cause was submitted on the brief of *Mark W. Vyvyan* of *Fredrikson & Byron, P.A.*, Minneapolis, MN.

Before Lundsten, P.J., Blanchard and Kloppenburg, JJ.

¶ 1. KLOPPENBURG, J.   Associated Bank appeals from an order denying the Bank's motion to vacate a default judgment in favor of Juneau County in its tax lien foreclosure action on two parcels of real property. The Bank argues that the judgment is void, due to the County's failure to strictly comply with the notice re-

quirements of WIS. STAT. § 75.521(3) (2011–12).[1] Specifically, the Bank asserts that the County failed to send notice to its 1305 Main Street address, even though the County could have ascertained that address from documents other than those records relating to the affected parcels in the office of the register of deeds. We conclude that the County was not required for this purpose to search beyond those records located in the office of the register of deeds and related to the affected parcels in order to ascertain the Bank's address. On review of the record in this case, we further conclude that the County strictly complied with the statutory procedural requirements when it classified the Bank as having an unknown address, and we therefore affirm.

## BACKGROUND

¶ 2.   Sebastian Madej owned two lots of real property in Necedah, Wisconsin, financed by notes and mortgages in favor of the Bank. The two mortgages were recorded in the County's office of the register of deeds on August 12, 2003. Neither recorded mortgage lists an address for the Bank.

¶ 3.   Madej repeatedly failed to pay taxes on the two lots. In 2008, the Bank mailed a payment to the county treasurer to satisfy Madej's 2003 and 2004 delinquent taxes. The Bank's cover letter to the county treasurer, accompanying the payment, listed the Bank's address as "1305 Main Street, Stevens Point, Wisconsin 54481." The enclosed check listed the Bank's address as "1200 Hansen Road, Green Bay, WI 54304."

¶ 4.   In December 2009, Madej defaulted on the mortgages, prompting the Bank to file foreclosure actions in circuit court. The Bank recorded a lis pendens

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

267

for each lot with the office of the register of deeds on December 10, 2009. The recorded lis pendens did not list an address for the Bank, but did list the circuit court case numbers for the corresponding foreclosure actions. The complaints filed in those foreclosure actions listed 1305 Main Street as an address for the Bank.

¶ 5. In April 2010, the circuit court entered default judgments in the Bank's foreclosure actions against Madej. Also in April 2010, the Bank mailed payment to the county treasurer to satisfy Madej's 2006 delinquent taxes. The county treasurer sent tax receipts to the Bank at the 1305 Main Street address reflected on the two checks comprising the payment.

¶ 6. Before a sheriff's sale scheduled for November 23, 2010, the Bank settled with Madej and moved to vacate the foreclosure judgments. On December 2 and 6, 2010, the Bank recorded two discharges of lis pendens with the office of the register of deeds. No address for the Bank appeared on the recorded discharges of lis pendens. Neither Madej nor the Bank paid the taxes owed on the two lots for 2007–2009.

¶ 7. On November 30, 2010, the County filed a notice of commencement of proceeding in rem to foreclose tax liens, along with a petition and list of ninety-four parcels with unpaid tax liens on which the County sought to foreclose. Madej's two lots were included on that list. As part of its usual foreclosure practice, the County retained a title insurance company to perform title searches to obtain the names and addresses of the owners and secured creditors of each respective lot facing foreclosure, from the records located in the office of the register of deeds relating to each lot. The title insurance company reported that the Bank, a secured creditor of Madej's two lots, had an "unknown" address

because no address was found in the records at the office of the register of deeds relating to those two parcels.

¶ 8. The Bank had an interest as mortgagee in another parcel, parcel 79, on which the County also sought to foreclose in the same action in rem. The title insurance company reported an address for the Bank other than the 1305 Main Street address, from the records in the office of the register of deeds relating to parcel 79.

¶ 9. On December 1, 2010, the County sent copies of the notice, petition, and list of affected parcels by certified mail to those persons having or claiming an interest in the properties whose addresses were identified, pursuant to the title searches. The County sent the notice, petition, and list of affected parcels to the Bank at the address listed on the mortgage for parcel 79 (P.O. Box 208, Stevens Point, Wisconsin 54481), as evidenced by the county treasurer's affidavit of mailing dated January 26, 2011, and by the acknowledgement of receipt signed by "A. Eckendorf" on behalf of Associated Bank in Stevens Point, Wisconsin, on December 2, 2010.

¶ 10. After sending the certified mailings, the County published the notice, petition, and the list of affected parcels in three consecutive editions of the local official newspaper. On January 26, 2011, the Juneau County Treasurer filed an affidavit with the circuit court, confirming that the certified mailings were sent, and listing those owners and secured creditors for whom no present post-office addresses were ascertainable (the "unknown addresses" group). The Bank was listed as one such mortgagee for whom no address was ascertainable. The Bank never appeared or filed an answer in the County's tax lien foreclosure action with respect to Madej's two lots.

¶ 11.  On April 12, 2011, the circuit court entered a default judgment of foreclosure for nineteen properties, including Madej's two lots. The judgment vested ownership of the two lots with the County. On September 20, 2011, the County conveyed the two properties by quit claim deed to the respondent, Dolezel Holdings, LLC.

¶ 12.  On March 6, 2012, the Bank moved to vacate the tax lien foreclosure judgment pursuant to WIS. STAT. § 806.07(1)(d). The Bank argued that the County did not strictly comply with the requirements of WIS. STAT. § 75.521(3), because the County did not provide the Bank with notice to the 1305 Main Street address.

¶ 13.  After reviewing the parties' briefs and arguments, the circuit court denied the Bank's motion to vacate the tax lien foreclosure judgment. The circuit court explained that the issue was whether the County followed the statutory procedures, and that the "heart of this case" was whether the County "had an obligation to look beyond the office of the Register of Deeds to find information that was ascertainable." Determining that the statute, in this context, requires only that the County send notice to an address "ascertainable" in the office of the register of deeds, the court concluded that WIS. STAT. § 75.521(3) did not require the County to look at records other than those located in the office of the register of deeds to ascertain the Bank's address. For these reasons,[2] the circuit court concluded that the

---

[2] The court further concluded that the Bank received notice of the foreclosure action when, on December 2, 2010, it received the mailed notice of the foreclosure action relative to parcel 79, because the notice "also list[ed] and specifically identifie[d] Associated as the mortgage holder on the Madej properties." We do not reach this issue because we affirm based on the County's search of the office of the register of deeds records relating to the two affected parcels in compliance with the plain language

270

County strictly complied with § 75.521 and therefore denied the Bank's motion to vacate the judgment.

## DISCUSSION

██

¶ 14. On appeal, the Bank maintains that the County did not strictly comply with the requirements of WIS. STAT. § 75.521(3), because the County did not send notice to the Bank at the 1305 Main Street address, which the Bank asserts was ascertainable by the County from: (1) a document found in a circuit court case that was identified in the two lis pendens that the Bank recorded at the office of the register of deeds; and (2) the Bank's 2008 cover letter to the county treasurer accompanying payment to satisfy Madej's 2003 and 2004 delinquent taxes. We disagree. As we explain in the following discussion, the County was not required to expand its search for the Bank's address beyond what was ascertainable directly from the records relating to the two affected lots located at the office of the register of deeds, and the County initiated and relied on an adequate search of those records so far as the record reveals.

██

¶ 15. The determination whether to vacate a default judgment is within the circuit court's sound discretion. *Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶ 22, 339 Wis. 2d 493, 811 N.W.2d 756. A circuit court's discretionary decision will not be reversed unless the court erroneously exercised its discretion. *Sukala v. Heritage Mut. Ins. Co.*, 2005 WI 83, ¶ 8, 282 Wis. 2d 46, 698 N.W.2d 610. That said, this case hinges on the

of the statute. *Barber v. Weber*, 2006 WI App 88, ¶ 19, 292 Wis. 2d 426, 715 N.W.2d 683 ("When the resolution of one issue disposes of an appeal, we will not address additional issues.").

proper interpretation of the language in WIS. STAT. § 75.521(3). Statutory interpretation is a question of law that we review without deference to the trial court's decision. *Murr v. St. Croix Cnty. Bd. of Adjustment*, 2011 WI App 29, ¶ 9, 332 Wis. 2d 172, 796 N.W.2d 837.

¶ 16.   The purpose of statutory interpretation is to discern the intent of the legislature. *State v. Byers*, 2003 WI 86, ¶ 13, 263 Wis. 2d 113, 665 N.W.2d 729. When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used. *Orion Flight Servs., Inc. v. Basler Flight Serv.*, 2006 WI 51, ¶ 16, 290 Wis. 2d 421, 714 N.W.2d 130. We interpret statutory language in the context in which it is used, in relation to the language of surrounding or closely-related statutes, and to avoid unreasonable results. *Id.* (citing *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110).

¶ 17.   The government's taking of land for failure to pay taxes is a very drastic measure. *Waukesha Cnty. v. Young*, 106 Wis. 2d 244, 249, 316 N.W.2d 362 (1982). A court lacks jurisdiction to render such a foreclosure judgment unless the government strictly complies with the statutory procedures. *Id.* WISCONSIN STAT. § 75.521 sets forth detailed procedures that counties must follow when foreclosing tax liens by actions in rem, and those procedures " 'must be strictly complied with in proceedings to obtain a tax deed.' " *Id.* at 251 (citation omitted).[3]

---

[3] The parties, like the case law on which they rely, use the phrase "strict compliance" rather than "compliance." Whatever difference the modifier "strict" may have in other situations, our

¶ 18. First, the treasurer must file a list of properties "affected by unpaid tax liens" with the clerk of circuit court. WIS. STAT. § 75.521(3)(a). This filing is deemed to constitute the commencement of a foreclosure proceeding against each listed parcel. WIS. STAT. § 75.521(3)(b). The list must contain, among other requirements, a "brief description sufficient to identify each parcel" and the names of "the last owner or owners and mortgagee or mortgagees of the parcel *as the ownership or mortgage interest appears of record in the office of the register of deeds* of the county in which the parcel is situated." WIS. STAT. § 75.521(3)(am)1., 2. (emphasis added). Next, the statute requires:

> *A copy of the petition and . . . the list of tax liens . . . shall be mailed by registered or certified mail, return receipt requested, by the county treasurer to the last-known post-office address of each owner and mortgagee of record* . . . having any right, title or interest in the land or in the tax liens or the proceeds thereof. *An affidavit of the treasurer setting forth the names of the owners, mortgagees . . . for whom a post-office address has been ascertained,* giving the addresses and stating that notice was mailed, giving the date of mailing, *and stating that no present post-office address was ascertainable for the other owners and mortgagees, shall be filed and constitute full compliance with this paragraph.*

WIS. STAT. § 75.521(3)(c) (emphasis added). In addition, a county must publish a notice of the commencement of the proceeding, together with the list of tax liens and the petition, at the time the list of affected parcels is filed with the clerk of circuit court. WIS. STAT. § 75.521(6). The statute specifies the language that the

opinion in this case does not hinge on the difference between mere "compliance" and "strict compliance."

notice must contain. *Id.* If any person or entity with the right to redeem or answer fails to do so, the court "shall" enter judgment vesting ownership of the affected parcel with the foreclosing county. WIS. STAT. § 75.521(8).

¶ 19. Looking closely at the relevant subsections of WIS. STAT. § 75.521(3), we first note that § 75.521(3)(am) requires that a county prepare a list that identifies "each parcel" and the owners and mortgagees "of the parcel" as their interests "appear[] *of record in the office of the register of deeds*" (emphasis added). The reference to "the parcel" along with the phrase "of record in the office of the register of deeds" can reasonably be read as directing a county only to those documents in that office that are related to an affected parcel.

¶ 20. Next, WIS. STAT. § 75.521(3)(c) instructs a county to mail a copy of the petition and list to the "last-known post-office address of each owner and mortgagee of record," and to set forth in an affidavit "the names of the owners, mortgagees . . . for whom a post-office address *has been ascertained*" (emphasis added). Use of the phrase "has been ascertained" in § 75.521(3)(c) may be readily tied to the phrase "appears of record in the office of the register of deeds" in § 75.521(3)(am)2. Therefore, a reasonable reading of these subsections is that they direct a county to set forth the names of the owners and mortgagees for whom a post-office address is identified in the records that are located in the office of (that is, "of record" with) the register of deeds, relating to each affected parcel.

¶ 21. It is significant for our purposes that the rule contemplates the circumstance in which no present post-office address has been "ascertained." In that case, the treasurer must include a list of such owners and mortgagees in his or her affidavit in order to comply

with WIS. STAT. § 75.521(3)(c). Nowhere in the statute does the legislature direct counties, before compiling such a list of "unknown addresses," to search elsewhere if no address appears in the records relating to an affected parcel in the office of the register of deeds.

¶ 22. In sum, the only statutory directive to a county relevant to "has been ascertained" and "ascertainable" in WIS. STAT. § 75.521(3)(c) is to the "record in the office of the register of deeds" in subdivision (3)(am)2. And the only "record" referenced in subdivision (3)(am)2. is the record for "the" affected parcel. Reading §§ 75.521(3)(am)2. and 75.521(3)(c) together, we conclude that a county need only "ascertain" the addresses from the record relating to the affected parcel located in the office of the register of deeds, because only that record and only that location are suggested by the plain language of the statute. "If we conclude the statutory language is plain, then we apply its plain meaning." *JP Morgan Chase Bank, NA v. Green*, 2008 WI App 78, ¶ 24, 311 Wis. 2d 715, 753 N.W.2d 536.

¶ 23. Having determined that the County's interpretation of the subsections is reasonable, we turn to whether the Bank has suggested an alternative reasonable interpretation. We conclude that it has not. The Bank urges the court to interpret "ascertainable" so as to require a county to search beyond the records relating to an affected parcel in the office of the register of deeds, for documents such as prior tax payments to the county treasurer, or pleadings filed with the clerk of circuit court, or documents involving mortgages from the same lender on other properties. However, we conclude that such an interpretation would not only subvert the statute's plain language as explained above,

but is also unreasonable because it provides no guidance on the parameters of the required search, and no apparent stopping point.

¶ 24.   The Bank points to other statutes[4] relating to the information that must be included on recorded mortgages, but fails to demonstrate how those statutes would change our analysis of the language in WIS. STAT. § 75.521(3).

¶ 25.   Upon review of the record, we conclude that the County strictly complied with the notice procedures in WIS. STAT. § 75.521(3), when it limited its address search to the records relating to the two affected parcels in the office of the register of deeds.

¶ 26.   We note that the Bank suggests that the circuit court went beyond the bounds of WIS. STAT. § 75.521 and based its decision on the Bank's alleged knowledge and conduct – specifically, what the court coined a "series of errors" by the Bank. The hearing transcript reflects that while the circuit court made observations that do not bear on the statutory analysis, the circuit court made it clear that those observations played no role in the statutory analysis that it ultimately applied to reach its decision. The court carefully noted that this was not a case in equity and therefore it was basing its decision solely on the County's strict compliance with the statute. The Bank's contention lacks support in the record.

## CONCLUSION

¶ 27.   We conclude that WIS. STAT. § 75.521(3) does not require a county to expand its search for an owner or mortgagee's address beyond that information located

---

[4] WIS. STAT. §§ 59.43(2m), 706.02(1), and 706.05.

in the record relating to the affected parcel in the office of the register of deeds, and that therefore the County strictly adhered to the procedural requirements when it classified the Bank as having an unknown address. Thus, we affirm the circuit court's order denying the Bank's motion to vacate the default tax lien foreclosure judgment.

*By the Court.*—Order affirmed.