DODGE COUNTY PROFESSIONAL EMPLOYEES LOCAL
1323-A, AFSCME, AFL-CIO and Heidi Burden,
Plaintiffs-Appellants,

v.

DODGE COUNTY, Defendant-Respondent.†

Court of Appeals

*No. 2013AP535. Submitted on briefs October 7, 2013.
—Decided December 5, 2013.*

2014 WI App 8

(Also reported in 842 N.W.2d 500.)

† Petition for Review denied April 16, 2014.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Aaron N. Halstead* and *Colin B. Good* of *Hawks Quindel, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mary E. Nelson* and *Amy J. Doyle* of *Crivello Carlson, S.C.*, Milwaukee.

Before Blanchard, P.J., Lundsten and Kloppenburg, JJ.

¶ 1. KLOPPENBURG, J.   This case concerns a

dispute over the interpretation of a state statute requiring local governments to establish grievance procedures consistent with the requirements set forth in Wis. Stat. § 66.0509(1m) (2011–12).[1] Dodge County Professional Employees Local 1323–A, AFSCME, AFL-CIO, and Heidi Burden[2] brought this action seeking a declaratory judgment that Dodge County's grievance procedure violates § 66.0509(1m). The circuit court granted summary judgment to Dodge County, concluding that the County's grievance procedure complies with the requirements of § 66.0509(1m). Burden appeals that decision. We conclude that at least one aspect of the County's grievance procedure conflicts with the plain language of § 66.0509(1m). Accordingly, we reverse the judgment of the circuit court and remand the case for entry of summary judgment in favor of Burden.

## BACKGROUND

¶ 2. The relevant facts are undisputed. From 2005 through April 2012, Heidi Burden was employed by Dodge County as an Elderly Benefit Specialist II. The Elderly Benefit Specialist II position requires that the employee "meet requirements of [the] Dodge County Driver Qualification [Criteria]." Pursuant to the County's Driver Qualification Criteria, "[u]nless there are extenuating circumstances," an employee is "disapprov[ed]" as not meeting the program requirements if he or she has been convicted of operating while intoxicated within the past twelve months.

¶ 3. Burden was convicted of operating while intoxicated as a first offense on April 2, 2012. The County

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] We will refer to Heidi Burden individually, and also to the two appellants collectively, as Burden.

ended Burden's employment three days later, because Burden no longer met the requirements of the County's Driver Qualification Criteria as a result of the conviction, and therefore was no longer qualified for her position.

¶ 4.    Burden sought to grieve her dismissal under Dodge County's grievance procedure. Dodge County's Human Resources Director told Burden that her dismissal was not subject to the County's grievance procedure, under the section of the County Personnel Policies and Procedures that excluded "[t]ermination of employment due to . . . lack of qualification" from the employee terminations that may be grieved.

¶ 5.    Dodge County's grievance procedure is set forth in Section 109 of Dodge County's Personnel Policies and Procedures manual. Section 109 states, in relevant part:

> This policy is intended to comply with Section 66.0509(1m), Wis. Stats., and provides a grievance procedure addressing issues concerning workplace safety, discipline and termination. This policy applies to all employees covered under Section 66.0509(1m), Wis. Stats., other than law enforcement employees subject to Section 59.26(8) or Chapter 63, Wis. Stats . . . . For purposes of this policy, the following definitions apply:
>
> . . . .
>
> 3. *Employee termination.* *"Employee termination"* shall include action taken by the employer to terminate an individual's employment for disciplinary or quality of performance reasons, but *shall not include* the following personnel actions:
>
> • Voluntary quit;
>
> • Position elimination;

- Layoff or failure to be recalled from layoff;

- Furlough or reduction in work force;

- Job transfer including non-disciplinary demotion;

- Retirement;

- Job abandonment, "no-call, no-show", or other failure to report to work;

- *Termination of employment due to* medical condition, *lack of qualification* or license, non-renewal of contract, or other inability to perform job duties; or

- Termination due to end or completion of temporary employment, seasonal employment, contract employment, or assignment.

(Emphasis added.)

¶ 6. Dodge County established its grievance procedure in response to WIS. STAT. § 66.0509(1m), which was enacted as part of 2011 Wis. Act 10. Subsection 66.0509(1m) requires local governments to create "[a] grievance procedure that addresses employee terminations," and identifies the elements that the grievance procedure must contain.

¶ 7. Burden filed this action, seeking a declaratory judgment that Dodge County's grievance procedure violates WIS. STAT. § 66.0509(1m). Burden and the County filed cross-motions for summary judgment. The circuit court granted summary judgment in favor of the County. The circuit court concluded that the County's grievance procedure complies with § 66.0509(1m), and, more specifically, that the County can define "the eighth category of situations [termination of employment due to . . . lack of qualification] that would not constitute employee termination" within the meaning of the statute. Burden now appeals.

## DISCUSSION

■

¶ 8.    It is well established that we review a grant of summary judgment de novo, employing the same methodology as the circuit court. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶ 9, 324 Wis. 2d 180, 781 N.W.2d 503. A party is entitled to summary judgment if there is no genuine issue of material fact and that party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶ 9.    The parties agree that there is no genuine issue of material fact in this case. Dodge County asks us to affirm the circuit court's grant of summary judgment in its favor because the circuit court properly found that the County's grievance procedure complies with WIS. STAT. § 66.0509(1m). Burden argues that she is entitled to summary judgment because the County's grievance procedure violates § 66.0509(1m). Based on our interpretation of § 66.0509(1m) as set forth in this opinion, we conclude that Burden is entitled to judgment as a matter of law, and that Burden was entitled to grieve her termination under the County's grievance procedure.

■

¶ 10.    Burden argues that Dodge County's grievance procedure violates WIS. STAT. § 66.0509(1m) because it creates "exceptions to the required impartial review process," and specifically because it excludes the category of terminations that applies to her dismissal, even though "[t]he language of the statute affords the County no power to create such exceptions." We conclude that the application of the County's grievance procedure so as to exclude Burden's dismissal from

405

being grieved, violates § 66.0509(1m)'s mandate that the grievance procedure address terminations.

¶ 11.   This case hinges on the proper interpretation of WIS. STAT. § 66.0509(1m), which requires Dodge County to create a grievance procedure. Statutory interpretation is a question of law that we review de novo. *Juneau Cnty. v. Associated Bank, N.A.*, 2013 WI App 29, ¶ 15, 346 Wis. 2d 264, 828 N.W.2d 262. The purpose of statutory interpretation is to discern the intent of the legislature. *Id.*, ¶ 16. When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used. *Id.* We interpret non-technical words according to their common and approved usage. *Beaver Dam Cmty. Hospitals, Inc. v. City of Beaver Dam*, 2012 WI App 102, ¶ 7, 344 Wis. 2d 278, 822 N.W.2d 491. In addition, "[w]e interpret statutory language in the context in which it is used, in relation to the language of surrounding or closely-related statutes, and to avoid unreasonable results." *Juneau Cnty.*, 346 Wis. 2d 264, ¶ 16. If this process of interpretation yields a plain meaning, the statute is unambiguous, and we apply its plain meaning. *State v. Harmon*, 2006 WI App 214, ¶ 10, 296 Wis. 2d 861, 723 N.W.2d 732.

¶ 12.   At least as applied to the facts in this case, the legislature's language is clear. The parties agree that WIS. STAT. § 66.0509(1m) requires local governments to provide a grievance procedure for "employee terminations." The statute does not define "terminations," and the County presents no reason to suppose that the term has a technical meaning. When a statutory term is not defined, we may consult a dictionary to ascertain the term's common meaning. *Harmon*, 296 Wis. 2d 861, ¶ 11. The word "termination" is a form of the verb "to terminate." The AMERICAN HERITAGE COLLEGE

DICTIONARY 1399 (3rd ed. 1993) provides definitions of "terminate" as "[t]o discontinue the employment of; dismiss."

¶ 13.   Here, it is undisputed that the County discontinued Burden's employment based on the allegation that she was no longer qualified to do her job. The County does not argue that the action it took was not an employee "termination" under the ordinary meaning of that term. Indeed, in making its argument before this court and the circuit court, the County expressly refers to the action that it took with respect to Burden as a "termination."

¶ 14.   Rather, the County seems to argue that the legislature authorized municipalities to exclude some termination situations from the statute's coverage. In support of this argument, the County asserts that the legislature could not have intended to permit employees to grieve all *terminations,* because then all *separations,* including employee-initiated separations such as voluntary resignations and retirements, would be subject to a grievance procedure. The problem with this argument is that it assumes that all employee separations are "terminations" within the meaning of the statute. However, whatever the precise parameters of the statutory term "terminations," the term is not commonly used to describe situations where an employee voluntarily quits or retires.

¶ 15.   We do not suggest that in all situations it will be clear whether a "termination," within the meaning of the statute, has occurred. Rather, we hold only that the action taken against Burden was a termination within the plain meaning of the statute. It follows that

the County impermissibly denied Burden the opportunity to grieve her termination.[3]

## CONCLUSION

¶ 16. For the reasons stated above, we conclude that Dodge County's application of its grievance procedure to its termination of Burden conflicts with the plain language of WIS. STAT. § 66.0509(1m). We therefore reverse the circuit court's judgment and remand to the circuit court for entry of judgment in Burden's favor.

*By the Court.*—Judgment reversed and cause remanded.

---

[3] Burden also argues that the circuit court erred in applying a "rational basis" test to determine whether Dodge County's grievance procedure complied with WIS. STAT. § 66.0509(1m) because she did not challenge the constitutionality of the County's grievance procedure. Because our decision on the proper interpretation of § 66.0509(1m) is dispositive, we do not reach this issue. *See Turner v. Taylor,* 2003 WI App 256, ¶ 1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (when a decision on one issue is dispositive, we need not reach other issues raised).