Sᴛᴀᴛᴇ of Wisconsin, Plaintiff-Respondent,

v.

Andrew M. Oʙʀɪᴇᴄʜᴛ, Defendant-Appellant.†

Court of Appeals

*No. 2013AP1345–CR. Submitted on Briefs: January 21, 2014.
—Decided March 27, 2014.*

2014 WI App 42

(Also reported in 846 N.W.2d 479.)

† Petition for Review filed May 22, 2014.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew Obriecht*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Katherine D. Lloyd*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Lundsten, Sherman and Kloppenburg, JJ.

¶ 1. KLOPPENBURG, J. Andrew Obriecht appeals, pro se, the circuit court's order denying his motion for reconsideration, which concluded that the Department of Corrections (DOC) correctly calculated Obriecht's maximum discharge date based upon the sentence credit that Obriecht accumulated. Obriecht argues that the sentence credit was improperly applied to his remaining period of parole instead of to his term of reincarceration following the revocation of his parole. We conclude that Obriecht's sentence credit was properly applied to the remaining period of parole, and we therefore affirm.

## BACKGROUND

¶ 2. Obriecht was released from prison on parole in March 2011. In September 2011, Obriecht violated

the conditions of his parole, and the Division of Hearings and Appeals (DHA) ordered that Obriecht be returned to prison.[1]

¶ 3. In August 2012, Obriecht filed a sentence credit motion with the circuit court, arguing that he was entitled to 107 days of sentence credit for the time he spent in custody in 1998, 1999, and 2001. In February 2013, the court granted Obriecht's motion and amended the underlying judgment of conviction to reflect the 107 days of sentence credit.

¶ 4. In March 2013, DOC requested that the circuit court clarify the amended judgment of conviction. DOC stated:

> [S]ection 302.11(7)(am), WI Stats., states that when a person's parole has been revoked, the reviewing authority may return the person to prison for a period of time that does not exceed the time remaining on the sentence. It further indicates the time remaining on the sentence is the entire sentence, less time served in custody before release.
>
> Therefore, we interpret that presentence credit granted while an offender is serving reincarceration does not reduce the reincarceration term, but rather reduces the parole time remaining on the sentence until its maximum discharge date. For that reason we have applied the additional 107 days of credit to the overall sentence length in calculating Mr. Obriecht's sentence expiration date . . . .

---

[1] The parties have not informed us of, and the record does not indicate, the length of the term of reincarceration ordered by DHA. However, we assume, as the State notes, without dispute by Obriecht, that "given that DOC has stated that Obriecht would again be subject to future parole," the term of reincarceration ordered by DHA is less than the remainder of Obriecht's original sentence, so that he will be released on parole after serving the term of reincarceration.

Applying "the additional . . . days of credit to the overall sentence length" resulted in Obriecht's remaining period of parole, after serving the term of reincarceration ordered by DHA, being reduced by 107 days.

¶ 5. Obriecht objected to DOC's application of the sentence credit to his remaining period of parole in a series of letters and a motion for reconsideration filed with the circuit court. Obriecht also asserted that he was entitled to an additional thirty-six days of sentence credit (for a total of 143 days of sentence credit) based on his interpretation of Wis. Stat. § 302.11(1).[2]

¶ 6. The circuit court denied Obriecht's motion for reconsideration, stating that DOC "correctly calculated the maximum discharge date . . . based upon preincarceration credit earned by [Obriecht] in accordance with § 302.11(7)(am)." The court did not address Obriecht's argument that he was entitled to an additional thirty-six days of sentence credit. Obriecht appeals.

## DISCUSSION

### *Application of Sentence Credit to*
### *Obriecht's Period of Parole*

¶ 7. Obriecht argues that the sentence credit cannot be applied to his remaining period of parole, and that the sentence credit instead "must be applied to-

---

[2] Wisconsin Stat. § 302.11(1) provides in pertinent part: "Except as provided in subs. (1g), (1m), (1q) , (1z) , (7) and (10) , each inmate is entitled to mandatory release on parole by the department. The mandatory release date is established at two-thirds of the sentence. Any calculations under this subsection . . . resulting in fractions of a day shall be rounded in the inmate's favor to a whole day."

All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

ward Obriecht's re-confinement time as a matter of fairness and to assure Obriecht receives the credit for time he served in custody." The State responds that DOC's "interpretation of sentence credit in a revocation case is correct" based on Wis. STAT. § 302.11(7)(am) and (b). We conclude that the application of the sentence credit to the remaining period of parole is consistent with § 302.11(7)(am) and (b).

¶ 8. This case requires the court to interpret Wis. STAT. § 302.11(7)(am) and (b). Statutory interpretation is a question of law that we review de novo. *Juneau Cnty. v. Associated Bank, N.A.*, 2013 WI App 29, ¶ 15, 346 Wis. 2d 264, 828 N.W.2d 262. The purpose of statutory interpretation is to discern the intent of the legislature. *Id.*, ¶ 16. When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used. *Id.* "If we conclude the statutory language is plain, then we apply its plain meaning." *JP Morgan Chase Bank, NA v. Green*, 2008 WI App 78, ¶ 24, 311 Wis. 2d 715, 753 N.W.2d 536.

¶ 9. WISCONSIN STAT. § 302.11(7)(am) provides in pertinent part: "The reviewing authority may return a parolee . . . to prison for a period up to the remainder of the sentence for a violation of the conditions of parole. The remainder of the sentence is the entire sentence, less time served in custody prior to parole."[3] WISCONSIN STAT. § 302.11(7)(b) provides in pertinent part: "A parolee returned to prison for violation of the conditions of parole shall be incarcerated for the entire

---

[3] " '[R]eviewing authority' means the division of hearings and appeals in the department of administration, upon proper notice and hearing, or the department of corrections, if the parolee waives a hearing." Wis. STAT. § 302.11(7)(ag).

period of time determined by the reviewing authority unless paroled earlier under par. (c)."

¶ 10. As applied to Obriecht's case, the plain language of WIS. STAT. § 302.11(7)(am) and (b) requires that DOC apply Obriecht's sentence credit to the remaining period of parole, rather than to the term of reincarceration ordered by DHA.

¶ 11. Obriecht violated his parole, and DHA determined that Obriecht needed to be reincarcerated. Under WIS. STAT. § 302.11(7)(am), DHA was permitted to reincarcerate Obriecht "for a period up to the remainder of the sentence." Here, "the remainder of the sentence" is Obriecht's overall sentence, minus the time Obriecht spent in custody prior to his release on parole. In the normal course, when sentence credit is properly applied at the time of sentencing, the time spent in custody prior to parole includes the period of confinement in prison plus any sentence credit. *See* WIS. STAT. § 973.155(3) ("The credit provided . . . shall be computed as if the convicted offender had served such time in the institution to which he or she has been sentenced."). Here, the parties agree that the 107 days of sentence credit to which Obriecht was entitled was not applied to the pre-revocation period of confinement in prison. They dispute, however, whether the creditable time should now be applied to the term of reincarceration ordered by DHA.

¶ 12. We conclude that whether sentence credit is applied to the term of reincarceration ordered by DHA, or to the remaining period of parole after service of that term of reincarceration, is answered by the plain language of WIS. STAT. § 302.11(7)(b).

¶ 13. Under WIS. STAT. § 302.11(7)(b), Obriecht "shall be incarcerated for the entire period of time determined by" DHA. In this case, if the sentence credit were applied to the term of reincarceration ordered by DHA, instead of to the remaining period of parole, Obriecht would not be "incarcerated for the entire period of time determined by" DHA. Such an application of the sentence credit would violate § 302.11(7)(b). We therefore conclude that DOC's application of Obriecht's sentence credit to the period of parole, rather than to the term of reincarceration ordered by DHA, is consistent with the plain language of § 302.11(7)(am) and (b).

¶ 14. We acknowledge that the belated application of sentence credit to reduce Obriecht's overall sentence may not fully cure the failure to properly apply the credit at the time of sentencing. But that problem, if it is present here, commonly occurs when a challenge to a sentence credit decision comes too late to actually affect the duration of time spent in initial incarceration.

■

¶ 15. Obriecht contends that *State v. Pegues*, Nos. 2009AP2022/2023–CR, unpublished slip op. (WI App Dec. 8, 2010) is "persuasive . . . authority" on the issue of whether sentence credit can be applied to a period of parole. *Pegues* is a *per curiam* opinion. Unpublished *per curiam* opinions of the court of appeals may not be cited as precedent or authority in any court of this state, except to support claims of issue preclusion, claim preclusion, or law of the case. *See* WIS. STAT. RULE 809.23(3)(a) and (b). Obriecht does not cite *Pegues* for one of these reasons. We therefore do not address Obriecht's argument that *Pegues* is a "persuasive . . . authority." *See* WIS. STAT. RULE 809.23(3)(b) ("[a] court need not distinguish or otherwise discuss an unpublished opinion").

■

¶ 16. Obriecht also argues that DOC's letter to the circuit court requesting clarification of the amended judgment of conviction "was not properly before the court." In support of this argument, Obriecht asserts that: (1) "DOC disguised their argument of law and fact (i.e., practicing law without a license) as a request for clarification of a sentence"; and (2) "[t]he State . . . had an opportunity to present their arguments to the court," and "if the DOC wants to make legal arguments, they should have had the A.D.A. do it." Obriecht cites to no legal authority in support of these claims, and we therefore do not consider them. *See State v. Pettit,* 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered.").

### *Additional Sentence Credit*

¶ 17. After the circuit court granted Obriecht's motion for 107 days of sentence credit, Obriecht asserted that he was entitled to an additional thirty-six days of sentence credit based on Obriecht's interpretation of WIS. STAT. § 302.11(1). The circuit court did not address this issue.

¶ 18. In his brief-in-chief, Obriecht asserts: "Had the proper sentence credit finding been made on the revocation order and warrant or by the court, the 107 days of sentence credit pursuant to § 973.155(2) would have been computed and adjusted pursuant to 302.11 by the DOC to include 36 days for a total of 143 days" of sentence credit. In his reply brief, Obriecht further contends:

> The DOC was compelled by statute to apply one-third credit to an after 1984 but prior to 1999 sentence

for a crime under Wɪs. Sᴛᴀᴛ. § 302.11(1) when the credit was in reality suppose [sic] to be given at a time when Obriecht was entitled to a mandatory release on the seven year sentence imposed during sentencing after revocation on count one. It was common knowledge, or to be expected, once the court verified Obriecht was entitled to the pre-parole release credit, the DOC would automatically bestow the extra 43 days credit during the sentence computation.[4]

In its response brief, the State argues that Obriecht's request for additional sentence credit was untimely, and that "Obriecht is not entitled to the additional days of credit" under Wɪs. Sᴛᴀᴛ. § 302.11.

¶ 19. Obriecht's argument that he is entitled to additional sentence credit beyond the 107 days granted by the circuit court is conclusory and undeveloped. The argument is thus inadequately briefed, and we do not address it. *See Pettit,* 171 Wis. 2d at 646 (court of appeals may "decline to review issues inadequately briefed").

## CONCLUSION

¶ 20. For the reasons set forth above, we conclude that Obriecht's sentence credit was properly applied to the remaining period of parole rather than the term of reincarceration ordered by DHA, and we do not address Obriecht's additional arguments. We therefore affirm.

*By the Court.*—Order affirmed.

---

[4] Obriecht does not explain why he provides two different numbers (thirty-six days and forty-three days) for the amount of additional sentence credit to which he believes he is entitled.